IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ERIC GARDNER                                                                    PETITIONER

v.                                              CIVIL ACTION NO. 3:24-cv-173-KHJ-MTP

WARDEN COLBERT                                                            RESPONDENT

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Petition for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2241 filed by Eric Gardner.  Having considered the parties' submissions and the applicable law, the undersigned recommends that the Petition [1] be DENIED and this action be DISMISSED with prejudice.

## BACKGROUND

Having been convicted of murder and possession of a firearm during the commission of a violent crime, Petitioner Eric Gardner was sentenced on May 8, 2007, in the Superior Court for the District of Columbia to a forty-year term of imprisonment. *See* [9-1] at 2.  This action arises from Petitioner's incarceration at the Federal Correctional Complex in Yazoo City, Mississippi.

On November 3, 2022, Case Manager Shawn Evans searched Petitioner and found "a large red and yellow coffee bag" containing "a green leafy substance." *See* [9-2] at 1.  Special Investigative Services Technician Cory Lofton tested the green leafy substance on November 10, 2022, and determined that it was marijuana. *Id*.  Later that day, Lofton prepared an incident report charging Petitioner with possession of narcotics in violation of Bureau of Prisons Prohibited Act Code 113. *Id*.  Lieutenant Benny Smith delivered the incident report to Petitioner that same day. *Id*.

1

The matter was referred to the Unit Disciplinary Committee, which referred it to a Disciplinary Hearing Officer. *Id*. at 2-3.  On November 17, 2022, Petitioner received notice of a disciplinary hearing and was advised of his rights at such a hearing. *See* [9-3] at 1; [9-5].  A hearing officer conducted a disciplinary hearing on November 28, 2022. *See* [9-3].  During the hearing, the hearing officer considered the incident report prepared by Technician Lofton, a memorandum prepared by Case Manager Evans (the official who found the marijuana in Petitioner's possession), photographs, and a chain of custody log. *Id*. at 2-3.  The hearing officer also considered Petitioner's admission of guilt. *Id*. at 1.

Based on the evidence, the hearing officer found Petitioner violated code 113 by possessing marijuana. *Id*. at 2-3.  The hearing officer imposed the following sanctions: the disallowance of 41 days of good-time credit, the loss of commissary privileges for two years, and a $200.00 fine. *Id*. at 3; [1] at 3.  Petitioner unsuccessfully challenged the hearing officer's decision through the administrative remedies process.

On March 26, 2024, Petitioner filed the instant habeas petition under 28 U.S.C. § 2241, arguing that the prison disciplinary action violated his right to due process.  According to Petitioner, the following deprived him of due process: the incident report prepared by Technician Lofton was untimely, it contained errors concerning the date and location of the incident, and the hearing officer's decision was based on a faulty forensic test of the green leafy substance. Respondent filed a Response [9] in opposition.  Petitioner filed no reply.

## ANALYSIS

### Due Process

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418

U.S. 539, 556 (1974). However, where an inmate is punished with the loss of good-time credit, as is the case here, he is entitled to certain due process. In such case, due process is satisfied when the inmate receives a finding from an impartial decision maker and is given: (1) written notice of the charges at least 24 hours prior to the proceedings, (2) an opportunity to present documentary evidence and testimony from witnesses, and (3) a written statement of the evidence relied on and the reasons for the disciplinary action. *Id*. at 564-70. Even where due process is not provided, habeas relief is not warranted unless the prisoner demonstrates that he was prejudiced by the violation. *See Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997).

To support his claims, Petitioner points to four alleged flaws in the process provided him during the prison disciplinary action: an untimely notice, an error regarding the date of incident, an error regarding the location of incident, and a faulty forensic test. As discussed below, Petitioner was provided the process which was due, and his Petition should be denied.

*Untimely Notice*

As previously stated, Case Manager Evans found a green leafy substance in Petitioner's possession on November 3, 2022. Technician Lofton tested the substance and determined it was marijuana on November 10, 2022. Following the test results, Lofton prepared the incident report, which Petitioner received that same day—November 10, 2022. *See* [9-2] at 1.

Petitioner argues that the incident report should have been delivered to him within 24 hours of the search and seizure, when prison staff became aware of the incident. Petitioner also asserts that, pursuant to prison regulations, an extension of this 24-hour deadline required the warden's approval, which was not sought or given.

3

For his part, Respondent points out that prison staff were not aware of an actual violation of prison rules until November 10, 2022, when the forensic test showed the substance in Petitioner's possession was marijuana.

Regardless of when prison staff became aware of the incident, the Constitution does not require prison officials to provide an incident report to an inmate within 24 hours of an incident. *See Wolff*, 418 U.S. at 564-70. Even if the timing of the delivery of the incident report violated the prison's own policy, "a prison official's failure to follow the prison's own policies . . . does not constitute a violation of due process, if constitutional minima are nevertheless met." *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). Prison officials need only provide written notice of the charges at least 24 hours *prior to the proceedings*. *See Wolff*, 418 U.S. at 564-70. Here, Petitioner received the incident report on November 10, 2022, well in advance of the November 28, 2022, disciplinary hearing. The timing of delivery of the incident report, therefore, did not constitute a due process violation.

*Date of Incident*

In the incident report, under the section "Date of Incident," Technician Lofton provided the date November 3, 2022. *See* [9-2] at 1. In his description of the incident, however, Lofton mistakenly indicated the subject events occurred on November 4, 2022. *Id.* Petitioner argues that this mistake deprived him of due process as he did not receive an accurate written notice of charges. According to Petitioner, "it would be impossible to present a proper and fair defense without knowing the exact date that the alleged incident occurred." *See* [1] at 1.

To satisfy the requirements of due process, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff*, 418 U.S. at 564. The incident report delivered to

Petitioner did just that.  The report provided sufficient detail to put Petitioner on notice of the

alleged violation.  It provided the name of the officer (Case Manager Evans) who searched

Petitioner and described the items searched ("a large red and yellow coffee bag") and seized

("green leafy substance").  It also provided the correct date under the section "Date of Incident."[1]

Nothing in the record demonstrates that Petitioner was unaware of or confused about the

conduct at issue or when the conduct took place.  Indeed, Petitioner admitted guilt at the

disciplinary hearing.  He does not claim he was defending against multiple charges of narcotics

possession.  "There is abundant support in the record for the conclusion that Petitioner was

notified and knew the factual basis of the disciplinary charge against him despite the incorrect

date in the charging instrument." *Walls v. Dretke*, 2006 WL 1715770, at *10 (S.D. Tex. June 20,

2006).  Absent prejudice, this typographical error was harmless. *See Hallmark*, 118 F.3d at 1080;

*see also Rodriguez v. Williams*, 2021 WL 1022705, at *4 (D. Colo. Mar. 17, 2021) ("A non-

prejudicial typographical error in an Incident Report is of no constitutional significance.");

*Oliver v. Babcock*, 2014 WL 29666, at *4 (E.D. Cal. Jan. 3, 2014) ("the typographical error in the

date of the incident set forth in the notice of hearing was harmless.").  Even with the error

concerning the date, the incident report provided Petitioner an opportunity to marshal the facts

and prepare a defense.

---

[1] The hearing officer considered this issue and found as follows:

> The DHO noted Section 11 contained a typographical error when it listed the date
> of November 4, 2022 as the date the search of your person occurred.  As Section 4
> and the memorandum submitted by Case Manager S. Evans both documents the
> search occurred on November 3, 2022, the DHO did not see the typographical error
> as preventing you from being informed of the correct date or preventing you from
> being able to prepare a defense.

*See* [9-3] at 2.

*Location of Incident*

In the incident report, Technician Lofton stated that the subject incident occurred in the Lima Alpha housing unit. *See* [9-2] at 1.  Petitioner argues that this in incorrect.  According to Petitioner, he was incarcerated in the Lima Alpha housing unit of the prison on November 3, 3023—the date of the subject search and seizure. *See* [1] at 1-2.  On that date, says Petitioner, prison staff conducted a "shakedown" of the Lima Alpha unit, and he, along with the other inmates of that unit, were led to the recreation area. *Id*. at 1.  He was then led to the staff bathroom in the recreation area, where Case Manager Evan conducted the subject search. *Id*. Thus, Petitioner argues that the location of the incident was the recreation area bathroom, not the Lima Alpha housing unit. *Id*.  According to Petitioner, "[t]his is a grave mistake that truly impedes Mr. Gardner the right and fair opportunity to present a viable defense to the charges." *See* [1] at 2.

First, although the search may have occurred in the recreation area, Petitioner had possessed the marijuana in the Lima Alpha housing unit, and it was not a mistake to list Lima Alpha as the place of incident.  Second, even if it were a mistake, it did not deprive Petitioner of due process.  The incident report need only inform Petitioner of the charges "to enable him to marshal the facts and prepare a defense." *Wolff*, 418 U.S. at 564.

As previously discussed, the incident report listed the rule Petitioner violated and provided specific facts underlying that charge.  The incident report provided Petitioner an opportunity to marshal the facts and prepare a defense.

*Faulty Forensic Test*

Finally, Petitioner challenges the evidence upon which the hearing officer's finding of guilt was based. Petitioner specifically argues that the guilty finding was based on a faulty forensic test of the marijuana.

In order for a prison disciplinary decision to pass constitutional muster there merely must be "some evidence" to show that the inmate committed the offense in question. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id*. at 455-56. Indeed, even if the evidence is "meager," the disciplinary decision must be upheld as long as there is "some evidence" to support the decision. *Id*. at 456.

Here, the hearing officer considered, along with other evidence,[2] a forensic test of the marijuana. The hearing officer noted:

> Lofton tested the green leafy substance with the NIK testing process. NIK test kit
> E resulted in no color change after breaking the first ampoule, a dark blue violet
> after breaking the second ampoule, and a grey upper layer over a violet layer upon
> breaking the third ampoule. This NIK test process showed a positive test result for
> Marijuana.

*See* [9-3] at 3.

Petitioner asserts that the breaking of the first ampoule and the resulting no color change indicates the substance tested was not marijuana. Petitioner, however, offers nothing more than

---

[2] As previously mentioned, the hearing officer considered the incident report prepared by Technician Lofton (which included the findings from the forensic test); a memorandum prepared by Case Manager Evans, stating that he found a "green leafy substance" on Petitioner; photographs; a chain of custody log; and Petitioner's admission of guilt. *See* [9-3] at 1-3.

this bare assertion and fails to demonstrate the lack of some evidence supporting the hearing

officer's finding.  The hearing officer noted Technician Lofton's finding of a positive test result

for marijuana and also noted Lofton's reliability, stating: "Lofton has sufficient experience in

monitoring and detecting the presence of contraband within a prison environment . . . ." *See* [9-3]

at 3.

Moreover, the hearing officer considered Petitioner's admission of guilt.  Clearly, some

evidence supports the hearing officer's decision, and therefore, the decision should not be

disturbed.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Petition for Writ of Habeas

Corpus [1] be DENIED and this action be DISMISSED with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days

after being served a copy of this recommendation, may serve and file written objections to the

recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The

District Judge at the time may accept, reject or modify in whole or part, the recommendations of

the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with

instructions.  The parties are hereby notified that failure to file written objections to the proposed

findings, conclusions, and recommendations contained within this report and recommendation

within fourteen days after being served with a copy shall bar that party, except upon grounds of

plain error, from attacking on appeal the proposed factual findings and legal conclusions

accepted by the district court to which the party has not objected.  *Douglass v. United Servs.*

*Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 10th day of September, 2024.

                                              s/Michael T. Parker
                                              UNITED STATES MAGISTRATE JUDGE