UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ERIC GARDNER                                                                                        PETITIONER

V.                                                           CIVIL ACTION NO. 3:24-CV-173-KHJ-MTP

WARDEN UNKNOWN COLBERT                                                          RESPONDENT

ORDER

Before the Court is Magistrate Judge Michael T. Parker's [10] Report and Recommendation. The Court adopts the Report, denies pro se Petitioner Eric Gardner's [1] Petition for Writ of Habeas Corpus, and dismisses this action with prejudice.

The Court adopts the Report's thorough background section:

On November 3, 2022, Case Manager Shawn Evans searched Petitioner and found "a large red and yellow coffee bag" containing "a green leafy substance." Special Investigative Services Technician Cory Lofton tested the green leafy substance on November 10, 2022, and determined that it was marijuana. Later that day, Lofton prepared an incident report charging Petitioner with possession of narcotics in violation of Bureau of Prisons Prohibited Act Code 113. Lieutenant Benny Smith delivered the incident report to Petitioner that same day.

The matter was referred to the Unit Disciplinary Committee, which referred it to a Disciplinary Hearing Officer. On November 17, 2022, Petitioner received notice of a disciplinary hearing and was advised of his rights at such a hearing. A hearing officer conducted a disciplinary hearing on November 28, 2022. During the hearing, the hearing officer considered the incident report prepared by Technician Lofton, a memorandum prepared by Case Manager Evans (the official who found the marijuana in Petitioner's possession), photographs, and a chain of custody log. The hearing officer also considered Petitioner's admission of guilt.

Based on the evidence, the hearing officer found Petitioner violated code 113 by possessing marijuana. The hearing officer imposed the following

> sanctions: the disallowance of 41 days of good-time credit, the loss of commissary privileges for two years, and a $200.00 fine. Petitioner unsuccessfully challenged the hearing officer's decision through the administrative remedies process.
>
> On March 26, 2024, Petitioner filed the instant habeas petition under 28 U.S.C. § 2241, arguing that the prison disciplinary action violated his right to due process. According to Petitioner, the following deprived him of due process: the incident report prepared by Technician Lofton was untimely, it contained errors concerning the date and location of the incident, and the hearing officer's decision was based on a faulty forensic test of the green leafy substance. Respondent filed a Response [9] in opposition. Petitioner filed no reply.

[10] at 1–2 (citations omitted).

The Report recommends denying Gardner's Petition and dismissing this action with prejudice. *Id.* at 8. In short, the Report concluded that Gardner received the process he was due. *Id.* at 3. The Magistrate Judge explained that (1) Gardner received timely notice, (2) the incident report allowed Gardner to "marshal the facts and prepare a defense," and (3) "some evidence" supports the hearing officer's decision. *Id.* at 3–8 (first quoting *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974); and then quoting *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985)). The Report notified Gardner that failure to file written objections would bar further appeal in accordance with 28 U.S.C. § 636. [10] at 8.

When no party objects to a Magistrate Judge's report, the Court need not review it de novo. *See* 28 U.S.C. § 636(b)(1). Instead, the Court can apply the clearly erroneous, abuse-of-discretion, and contrary-to-law standard of review. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

2

Gardner did not object to the Report, and the time to do so has passed. The Court finds that the Report is not clearly erroneous or contrary to law. So the Court adopts the Report as the opinion of this Court.

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court ADOPTS Magistrate Judge Michael T. Parker's [10] Report and Recommendation; DENIES Gardner's [1] Petition for Writ of Habeas Corpus; and DISMISSES this action with prejudice. The Court will enter a separate final judgment consistent with this Order.

SO ORDERED, this 2nd day of October, 2024.

s/ *Kristi H. Johnson*  
UNITED STATES DISTRICT JUDGE
